UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:20-CR-33 |
| ) | |
| ALBERTO MARTINEZ BELTRAN ) | |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on August 3, 2020. At the hearing, defendant was present by video teleconference, as was his attorney, Mr. Gregory Isaacs. Defendant entered a plea of guilty to the charges in the Information, that is, of possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, in violation of **21 U.S.C. § 841(a)(1) and § 841(b)(1)(C),** and being an alien found in the United States, after having been removed and deported therefrom, and not having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States, in violation of **8 U.S.C. § 1326(a).** On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises; the defendant understands the nature of the charges and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, in light of the agreement of the parties and the reasons stated by counsel on the record I **RECOMMEND** that the Court find that the plea hearing in this case could not be further delayed without serious harm to the interests of justice. I also **RECOMMEND** defendant's plea of guilty to the charges in the Information, charging him with possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, in violation of **21 U.S.C. § 841(a)(1) and § 841(b)(1)(C),** and being an alien found in the United States, after having been removed and deported therefrom, and not having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States, in violation of **8 U.S.C. § 1326(a),** be accepted, the Court adjudicate defendant guilty of the charges in the Information, that is, possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, in violation of **21 U.S.C. § 841(a)(1) and § 841(b)(1)(C),** and being an alien found in the United States, after having been removed and deported therefrom, and not having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States, in violation of **8 U.S.C. § 1326(a),** and a decision on whether to accept the plea agreement be deferred until sentencing. I further **RECOMMEND** defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

_____
C. Clifford Shirley,
United States Magistrate Judge

### NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing. Failure to file objections within fourteen (14) days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).